UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-MJ-376 |
| | : | |
| JASON DOUGLAS OWENS, | : | |
| | : | |
| Defendant. | : | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

The United States of America hereby responds to Defendant Jason Owens' Motion to Modify Conditions of Release (ECF. 17) and respectfully requests this this Court deny Defendant's request.

### FACTUAL BACKGROUND

Defendant is charged via complaint with offenses related to crimes that occurred at the United States Capitol on January 6, 2021. In brief, on that date, as a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election, members of a large crowd that had gathered outside forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of law enforcement, as others in the crowd encouraged and assisted those acts. Scores of individuals entered the U.S. Capitol without authority to be there. As a result, the Joint Session and the entire official proceeding of the Congress was halted until the Capitol Police, the Metropolitan Police Department ("MPD"), and other law enforcement agencies from the city and surrounding region were able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

As discussed in the criminal complaint affidavit, Defendant Jason Owens flew from San Antonio, Texas to Washington, D.C. with his son, Grady Owens, on January 5, 2021. ECF 1-1 at 8-9. Defendant Jason Owens purchased both plane tickets. *Id*. Based on video identification, seized clothing, and Defendant Jason Owens' own admissions, he and his son were members of the crowd that gathered outside of the U.S. Capitol the following day, January 6, 2021. *Id*. at 12. While standing outside the Capitol building, Grady Owens struck a MPD officer with a skateboard resulting in injury to the officer. *Id*. at 3-4. Thereafter, Defendant Jason Owens shoved a second officer hard enough to cause the officer's head to snap backward. *Id*. at 10-11. When, just a few months later, he was directly asked about his time at the Capitol on January 6th, Defendant Jason Owens told officers he *did not recall any violent encounters with law enforcement*. *Id*. at 12.

Defendant Jason Owens is currently charged with violations of 18 U.S.C § 111(a), Assaulting, Resisting, or Impeding Certain Officers or Employees (with physical contact); 18 U.S.C. § 231(a)(3), Obstruction of Law Enforcement During Civil Disorder; 18 U.S.C. § 1752(a)(2), and (4) and (b)(2), Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Knowingly Committing an Act of Physical Violence in any Restricted Building or Grounds; 40 U.S.C. § 5104(e)(2)(D) and (F), Violent Entry and Disorderly Conduct on Capitol Grounds. These charges are the result of Defendant's actions on January 6th on the western side of the Capitol building where he pushed and fought with officers. Additionally, and although not part of the currently charged conduct, Capitol surveillance video discovered after the complaint was filed revealed Defendant and his son at the East Rotunda doors (the opposite side of the Capitol building) later in the day, again pushing and fighting with officers in an attempt to enter the Capitol building.

2

Finally, on April 7, 2021, a federal grand jury returned a six-count indictment against the Defendant's son, Grady Owens, resulting from his own conduct on January 6, 2021. *United States v. Grady Owens*, Cr. No. 21-286 BAH. The indictment charged: one count of Civil Disorder, in violation of 18 U.S.C. § 231(a)(3); one count of Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon and Inflicting Bodily Injury, in violation of 18 U.S.C. § 111(a)(1) and (b); one count of Disorderly and Disruptive Conduct in a Restricted Building or Grounds using a Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(2) and (b)(1)(A) and (B); one count of Engaging in Physical Violence in a Restricted Building or Grounds using a Dangerous Weapon, in violation of 18 U.S.C. § 1752(a)(4) and (b)(1)(A) and (B); one count of Impeding Passage Through the Capitol Grounds or Buildings, in violation of 40 U.SC. § 5104(e)(2)(E); and one count of Act of Physical Violence in the Capitol Grounds or Buildings, in violation of 40 U.SC. § 5104(e)(2)(F). Grady Owens is currently released pending trial with conditions including home detention and location monitoring. *See* Exhibit A, Grady Owens's Pretrial Services Status report, 10/14/21. Grady Owens' mother (and Defendant Jason Owens' wife), Shannon Owens, is currently serving as Grady Owens' third party custodian. *Id*. Grady Owens lives in a home separate from his mother and father. *Id*.

## ARGUMENT

When a court determines that pretrial detention is not necessary, 18 U.S.C. § 3142(c) provides several conditions that may be imposed to reasonably assure the appearance of a person as required and the safety of any other person community. In imposing such conditions, the court still considers (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) his or her history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by his or her release.

3

18 U.S.C. § 3142(g). Defendant Owens is currently subject to a number of the conditions set forth in § 3142(c) based on the § 3142(g) factors. He now asks this Court to amend the condition that prohibits contact with anyone present at or involved with the events at the U.S. Capitol on January 6, 2021, including his son, Grady Owens.[1] In particular, he asks that Grady Owens be permitted to live with him at his same residence, "for continued health of the family." ECF 17 at 2. The Government opposes Defendant's request.

As set forth, Defendant and his son, Grady, took part in a violent and unprecedented attempt to stop the certification of the vote of the Electoral College of the 2020 U.S. Presidential Election. Both men traveled to Washington, D.C., marched on the Capitol, and chose to physically engage with uniformed law enforcement officers. The evidence is significant and strong. The pair initially pushed and shoved officers who were on their way to help Capitol police who were overrun by rioters attempting to gain access to the U.S. Capitol building. Approximately an hour later they then moved on to the east side of the building and again pushed and shoved officers as they attempted to enter the building.

Although not currently charged together, there can be no doubt that this father and son duo were co-conspirators in their criminal behavior. Defendant Jason Owens now asks this Court to reside and have contact with his compatriot, and as part of his request tells this Court that he will not discuss the events of January 6th with Grady. This Court should be highly skeptical of Defendant's apparent promise, particularly given his prior statement to officers that he had *no recollection* of engaging in any violent encounters with law enforcement on January 6th and the significant evidence to the contrary.

---

[1] Grady Owens is not currently subject to the same restriction prohibiting contact with other January 6th participants. *See* Exhibit A.

The Defendant has demonstrated that he is not only willing but is capable of engaging in violent behavior aimed at impeding and obstructing law enforcement in the line of duty. He also has demonstrated that his is not only willing but is capable of lying to law enforcement about such violent behavior. Promises now made at this late date related to future communications with his son should be viewed through this well-established pattern of disregard for authority. The Government, therefore, respectfully requests that this Court deny Defendant Jason Owens' request for modification of his pretrial release conditions.

                                        Respectfully submitted,

                                        CHANNING D. PHILLIPS
                                        Acting United States Attorney
                                        DC Bar No. 415793

By:         /s/
                  JENNIFER M. ROZZONI
                  Assistant United States Attorney
                  Detailee
                  NM Bar No. 14703
                  201 3rd Street, Suite 900
                  Albuquerque, NM 87102
                  jennifer.m.rozzoni@usdoj.gov
                  (505) 350-6818

I HEREBY CERTIFY that I filed the foregoing
pleading electronically through the CM/ECF system
which caused the parties or counsel of record to be
served by electronic means, as reflected on the Notice
of Electronic Filing, and other methods of service as
indicated therein on October 27, 2021.

     /s/
JENNIFER M. ROZZONI
Assistant United States Attorney